UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 3:23-CR-128 |
| v. ) | |
| ) | JUDGES VARLAN/MCCOOK |
| ALEXANDER GLENN ROSS and ) | |
| JAMES T. MARKEY ) | |

**SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SEVER
AND NOTICE OF OBJECTIONS TO REDACTION**

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, hereby files its supplemental response to defendant Ross' Supplement to Motion to Sever and Notice of Objection to Proposed Redacted Transcript [Doc. 62] (hereinafter "the Motion"), and states as follows:

In the United States' Response [Doc. 36] to Defendant's Motion to Sever and Adopt [Doc. 47] and, during the May 30, 2024, hearing, the government contended that defendant's joinder in the indictment was proper under Rule 8. Defendant had failed to demonstrate a joint trial would result in substantial, undue, or compelling prejudice, or that the antagonism would mislead or confuse the jury. Thus, defendant had not met his burden and severance was not warranted. In any event, the government argued that, to the extent the government intended to offer at trial testimonial statements of a non-testifying co-defendant that facially incriminated defendant, the government would comply with *Bruton* by making redactions to the statements as appropriate.

Following the Court's Order [Doc. 59], the United States provided defendant with proposed redactions to codefendant Markey's post-arrest transcribed interview.

Defendant, however, objects to the government's proposed redactions, arguing that they are "minimal and insufficient" [Doc. 62]. Notwithstanding defendant's objection, at this point in

the pre-trial process – more than three months before the October 15th trial date and more than two months from the September 16th plea deadline – defendant's motion for further redactions is premature because this Court has not determined whether it will sever defendants' trial. Nor is it clear whether either defendant will testify. *See, e.g., United States v. Myers*, 2024 U.S. Dist. LEXIS 51446 (E.D. Tenn. March 22, 2024). Should this Court deny defendant Ross' motion to sever, the government suggests that defendant's current motion be held in abeyance until the deadline for motions *in limine*,[1] when the issue will be ripe for consideration.

Accordingly, the United States continues to be aware of the *Bruton* issue as it relates to both defendants and does not intend to offer any statements at trial in violation of existing case law or the Confrontation Clause as it relates to either defendant during a joint trial. The United States suggests holding defendant's current motion in abeyance pending the Court's decision on severance and until the deadline for motions *in limine*.

Respectfully submitted, this 17th day of July, 2024.

                                                FRANCIS M. HAMILTON III
                                                UNITED STATES ATTORNEY

By:    *s/ Suzanne H. Sullivan*
       Suzanne H. Sullivan
       Assistant United States Attorney
       800 Market Street, Suite 211
       Knoxville, Tennessee 37902
       (865) 545-4167
       suzanne.sullivan@usdoj.gov
       NY Bar# 3027208

---

[1] The current deadline for motions *in limine* is September 30, 2024.