IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:23-CR-128 |
| | ) | |
| ALEXANDER ROSS AND | ) | |
| JAMES T. MARKEY | ) | |

**REPLY TO THE RESPONSE OF THE UNITED STATES REGARDING DEFENDANT'S MOTION TO SEVER**

Defendant Alexander Glenn Ross, by and through his undersigned counsel, respectfully submits this reply to the United States' response to Defendant's Motion to Sever, and states as follows:

## I. Introduction

The Defendant reiterates the necessity of severing his trial from that of his co-defendant, James T. Markey, to ensure a fair trial and protect his constitutional rights. The government's suggestion to hold the motion in abeyance days before trial is impractical and prejudicial for several reasons.

## II. Prejudice from Delayed Ruling

1. **Uncertainty in Defense Strategy**: Holding the ruling in abeyance creates significant uncertainty, impeding our ability to develop a coherent and effective defense strategy. Preparing for a joint trial is fundamentally different from preparing for a separate trial. This uncertainty would severely handicap our trial preparations and could lead to an inefficient use of resources.

2. **Witness Preparation**: The preparation of witnesses is a critical aspect of trial readiness. The strategy and focus of witness examinations and preparations depend heavily on whether the trial is joint or severed. A last-minute decision to sever would not provide adequate time to re-prepare witnesses for a substantially different trial context.

3. **Resource Allocation**: Effective trial preparation requires careful and efficient allocation of resources. Prolonged uncertainty forces the defense to prepare for multiple contingencies, resulting in wasted time and resources. This not only imposes financial burdens but also detracts from the focused preparation needed for a robust defense.

## III. Reliance on Motion, Memorandum, Supplement, and Transcript

In support of our motion for severance, we rely on our previously filed Motion to Sever, the accompanying Memorandum, our Supplement to the Motion, and the relevant transcripts. These documents collectively underscore the necessity for severance to ensure a fair trial. Our motion and memorandum detail the substantial prejudice that would result from a joint trial, particularly given the antagonistic defenses presented by the co-defendants. The supplement further elucidates specific objections to the proposed redactions, demonstrating how they fail to mitigate the risk of prejudicial spillover. The transcript of proceedings provides a factual basis, illustrating the complexities and conflicts inherent in a joint trial. Together, these documents demonstrate a severance is essential to uphold Mr. Ross's constitutional rights and ensure that the judicial process remains just and equitable.

## IV. Risks of Joint Trial

1. **Antagonistic Defenses**: The defenses of Mr. Ross and Mr. Markey are mutually antagonistic, with each defendant potentially implicating the other. A joint trial would

exacerbate the risk of prejudicial spillover, where the jury could conflate the evidence against each defendant, leading to unjust conclusions.

2. **Ineffectiveness of Redactions**: The proposed redactions of co-defendant statements are insufficient to mitigate the prejudice. The risk remains that the jury could draw implicit connections between the defendants, undermining the fairness of the trial.

## IV. Conclusion

I      In light of these considerations, it is imperative that the motion to sever be decided sooner rather than later. Delaying the ruling would result in substantial prejudice to Mr. Ross, compromising his ability to prepare and present an effective defense.

**WHEREFORE**, Defendant Alexander Glenn Ross respectfully requests that this Honorable Court grant the Motion to Sever and enter an order severing the trials of the defendants.

**RESPECTFULLY SUBMITTED**, this the **2nd** day of **August,** 2024.

**THE BOWLIN LAW FIRM P.C.**

By: <u>s / Troy L. Bowlin II</u>         *for The Firm*
Troy L. Bowlin II BPR No. 025893
Attorney for Mr. Ross
2042 Town Center Blvd. PVM 364
Knoxville, TN 37922
troy@tblf-pc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was transmitted for service via Pacer and the Court's Electronic Court Filing System to counsel for all parties. Other parties will be served via United States Postal Service postage prepaid.

This the **2nd** day of **August**, 2024.

**THE BOWLIN LAW FIRM P.C.**

By: s / Troy L. Bowlin II    *for The Firm*
Troy L. Bowlin II BPR No. 025893
Attorney for Mr. Ross
2042 Town Center Blvd. PVM 364
Knoxville, TN 37922
troy@tblf-pc.com