UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-CR-128 |
| v. ) | |
| ) | JUDGES VARLAN/MCCOOK |
| ALEXANDER GLENN ROSS, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, the defendant, ALEXANDER GLENN ROSS, and the defendant's attorney, Troy L. Bowlin II, Esq., have agreed upon the following:

1. The defendant will plead guilty to the following count in the Indictment:

Count Three – Wire Fraud: the defendant, having devised and intending to devise a scheme for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, transmitted, or caused to be transmitted by means of wire communications in interstate commerce writings, signs, and signals for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1343. The maximum punishment for this offense is twenty (20) years' imprisonment, a $250,000 fine, a term of supervised release up to three (3) years, forfeiture and/or restitution, and a $100 mandatory special assessment.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this Indictment. The United States also agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are

Page 1 of 10

related to the charges contained in the Indictment and are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the Indictment, discussed the charge and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements are:

(a) the defendant knowingly participated in or devised a scheme to defraud to deprive another of property or money;

(b) the scheme included a material misrepresentation or concealment of a material fact;

(c) defendant had the intent to defraud;

(d) defendant used or caused to be used an interstate wire communication in furtherance of the scheme.

4. In support of the defendant's guilty plea, the United States and the defendant agree and stipulate to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. The defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) The defendant utilized the internet website Barnstormers.com to advertise aircraft N6522Q as for sale.

(b) On or about, May 29, 2022, R.P. located aircraft N6522Q's advertisement on Barnstormers.com and contacted the defendant to inquire about purchasing the aircraft.

(c) Between on or about May 29, 2022 and June 12, 2022, R.P. and the defendant communicated through cellular phone text messages regarding the sale of aircraft N6522Q.

(d) The defendant offered R.P. a test flight in aircraft N6522Q.

(e) After the test flight, R.P. gave the defendant his "punch list" of items requiring repair prior to sale, and R.P. and the defendant agreed to the terms of the sale.

(f) As part of the agreement, the defendant agreed to deliver aircraft N6522Q to R.P. at Knoxville Downtown Island (Knoxville, TN 37920), and R.P. would pay for the delivery fuel cost.

(g) The defendant provided R.P. with a document titled, "100 Hour/Annual Inspection Checklist Single Engine," dated April 15, 2022. That document identified aircraft N6522Q. Under the column for "Mechanic" appeared the initials "AR" under many of the inspections activities, including "Check Oil Filter/Install New Oil Filter" and "Check Battery Replacement Dates of ELT (emergency locator transmitter) and In Remote Switch."

(h) On or about June 21, 2022, R.P. and the defendant agreed to the purchase of aircraft N6522Q.

(i) The defendant provided R.P. with his bank routing number and account number.

(j) On or about June 22, 2022, R.P.'s executed wire transfer, to the defendant's M&T Bank account for the purchase of aircraft N6522Q, posted to the defendant's bank account.

(k) The defendant delivered aircraft N6522Q to R.P.

(l) After R.P. took possession of aircraft N6522Q, the ELT was inoperative and the oil filter was rusty on the outside, despite logbook entries falsely documenting a properly functioning ELT and a newly replaced oil filter.

(m) The defendant failed to deliver an airworthiness certificate or registration to R.P. despite claiming that he did, in order to conceal his unlawful actions.

(n) The parties stipulate and agree, pursuant to Federal Rule 11(c)(1)(B), to recommend to the Court that an enhancement for obstruction of justice, as outlined in U.S. Sentencing Guideline §3C1.1, does not apply in this case.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to Count Three:

a. The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum.

b.  The parties agree, pursuant to Federal Rule 11(c)(1)(B), to recommend to the Court that an enhancement for obstruction of justice, as outlined in U.S. Sentencing Guideline §3C1.1, does not apply in this case,

b.  The Court will impose special assessment fees as required by law; and

c.  The Court may order forfeiture as applicable and restitution as appropriate.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of § 3E1.1(a) of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or defendant's nominees that constitute or are traceable to the proceeds of violations of 18 U.S.C. § 1343. The forfeiture includes but is not limited to the following: Defendant agrees to a personal money judgment against the defendant and in favor of the United States which represents the proceeds the defendant personally obtained as a result of an offense in violation of 18 U.S.C. § 1343.

Defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture, including aircraft seized by Department of Homeland Security Investigations. Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by a nominee. Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of

forfeiture, and the signing of any other documents necessary to effectuate such transfers. Defendant agrees not to object or withdraw any objection to any administrative, civil, or criminal forfeiture brought against these properties, including the aircraft seized by Department of Homeland Security Investigations. Defendant agrees to take all such steps to locate such property and to pass title to the United States before Defendant's sentencing.

In the event a money judgment forfeiture is ordered, Defendant agrees to send all money judgment payments to the United States Department of Homeland Security Investigations. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If Defendant cannot pay the full amount immediately and is placed in custody, Defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. Defendant further agrees to cooperate fully in efforts to collect on the money judgment by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. Defendant and counsel also agree that Defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of Defendant's counsel.

10. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States

deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    (a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    (b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    (c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for

the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    (a)    The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

    (b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

    (c)    The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. The defendant's signature on this plea agreement constitutes the defendant's admission that the facts contained herein are true and

accurate. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including, without limitation, by failing to enter a guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges that the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to prosecution for the conduct contemplated by this agreement. The defendant also understands and agrees that a violation of this agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

13. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this agreement can be modified only in writing signed by all of the parties and that any and all

other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

10-15-2024       By:  _____
Date                                SUZANNE H. SULLIVAN
                                    Assistant United States Attorney

**For the Defendant:**

T10/14/2024                          _____Alexander ross_____
Date                                 ALEXANDER GLENN ROSS
                                     Defendant

10/14/2024                           _____
Date                                 TROY L. BOWLIN II
                                     Attorney for the Defendant